IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,                    :
                                           :
                                           :
            Plaintiff,                     :
                                           :          CIVIL ACTION NO.:
                                           :
                                           :
      v.                                   :
                                           :
                                           :
                                           :
DIMARE RUSKIN, INC.,                       :
                                           :
            Defendant.                     :
                                           :
_____ :

## PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S COMPLAINT AND DEMAND FOR JURY TRIAL

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42

U.S.C. §2000e *et seq*. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C.

§1981a, to correct unlawful employment practices on the basis of sex, female, and/or

retaliation for complaining about and/or objecting to the unlawful employment practices,

and to provide appropriate relief to Lucia Reyes ("Reyes"), Catalina Ramirez (formerly,

Catalina Jaimes) ("Ramirez"), and a class of similarly situated female employees who

were adversely affected by such practices.

As alleged with greater particularity in paragraphs 14 through 29 below, the Equal

Employment Opportunity Commission (the "Commission") alleges that DiMare Ruskin,

Inc. discriminated against former employees Reyes and Ramirez and a class of similarly

situated female employees who worked at Defendant's DiMare Immokalee division, by subjecting them to sexual harassment during 2008 and 2009. The Commission also alleges that Defendant retaliated against Reyes and Ramirez for objecting to and complaining about the sexual harassment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (f)(3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful herein were committed within the jurisdiction of the United States District Court for the Middle District of Florida, Ft. Myers Division.

## PARTIES

3. Plaintiff Equal Employment Opportunity Commission is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by §§ 706(f)(1) and (f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (f)(3).

4. At all relevant times, the Defendant, DiMare Ruskin, Inc. ("Defendant") or "DiMare") has continuously been a Florida corporation doing business in the State of Florida and the City of Immokalee and has continuously had at least 15 employees.

5.     At all relevant times, Defendant was the employer of and had supervisory control of all individuals employed at its DiMare Immokalee facility ("DiMare Immokalee").

6.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e (b), (g), and (h).

7.     Defendant owns and operates tomato growing and packing operations in Florida and California.

8.     Reyes worked for Defendant at DiMare Immokalee during the 2008-2009 tomato seasons, which began in August 2008 and ended in June 2009.

9.     Ramirez worked for Defendant at DiMare Immokalee during the 2008-2009 tomato seasons.

10.     At all relevant times, Ricardo Campbell was employed by Defendant at DiMare Immokalee as a crew leader with supervisory control over employees in his crew.

11.     At all relevant times, Richard Lee Campbell was employed by Defendant at DiMare Immokalee as a crew leader with supervisory control over employees in his crew.

12.     Richard Lee Campbell is the son of Ricardo Campbell.

## ADMINISTRATIVE PROCEEDINGS

13.     More than thirty days prior to the institution of this lawsuit, Reyes and James each filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant DiMare.  All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

### Catalina Ramirez

14.     In January 2009, Catalina Ramirez began working for Defendant as a seasonal farm worker at DiMare Immokalee.

15.     Ramirez was supervised by Defendant's crew leaders, Ricardo Campbell and/or Richard Lee Campbell.

16.     Ricardo Campbell began sexually harassing Ramirez in January 2009, and continued physically and verbally harassing her on almost a daily basis until April 2009.

17.     Ricardo Campbell subjected Ramirez to repeated and regular vulgar and unwelcome comments of a sexual nature, including, but not limited to, saying that he was not going to stop pursuing her, he wanted to kiss her all over her body and on her breasts and she would regret turning him down for sex because he was well-endowed.

18.     Ricardo Campbell subjected Ramirez to nonconsensual physical touching on several occasions, which included forcing her hand to his crotch and forcibly attempting to kiss her.

19.     Ricardo Campbell assigned Ramirez to more physically demanding and strenuous work assignments because Ramirez consistently rejected and objected to his sexual harassment.  He told Reyes that he gave Ramirez the more arduous work assignment so she would "give up her ass" to him before giving it to anyone else.

20.     Because Ramirez consistently rejected and objected to his sexual harassment, Ricardo Campbell terminated Ramirez by refusing to give her any work assignments.

<u>Lucia Reyes</u>

21.     Lucia Reyes began working for Defendant at DiMare Immokalee as a seasonal farm worker on an intermittent basis in October 2008.  In January 2009, she began working on a regular basis.

22.     Reyes was supervised by Defendant's crew leaders, Ricardo Campbell and/or Richard Lee Campbell.

23.     Richard Lee Campbell began sexually harassing Reyes in October 2008, and continued verbally harassing her on almost a daily basis until April 2009.

24.    Richard Lee Campbell repeatedly and regularly subjected Reyes to vulgar, unwelcome comments of a sexual nature, including, but not limited to, saying she's "hot" and has a "really nice ass" and that he wanted to have sexual intercourse with her.

25.    With Richard Lee Campbell's encouragement and in Reyes' presence, other male workers made vulgar and unwelcome comments of a sexual nature to Reyes about her and other female employees, including, but not limited to, saying they would like to have sexual intercourse with her.

26.    Ricardo Campbell also subjected Reyes to nonconsensual physical touching on several occasions, which included sexual touching and groping.

27.    Because Reyes consistently rejected and objected to Ricardo Campbell's and Richard Lee Campbell's sexual harassment, Ricardo Campbell terminated Reyes by refusing to give her any work assignments.

<u>Similarly Situated Female Employees</u>

28.    Throughout the August 2008 through June 2009 tomato seasons at DiMare Immokalee, a class of similarly situated female DiMare employees were subjected to sexual harassment by DiMare Immokalee supervisory employees Ricardo Campbell and Richard Lee Campbell.

29.    The sexual harassment of the class of similarly situated female employees included:

a.   Ricardo Campbell and Richard Lee Campbell regularly subjecting
     female workers to vulgar and unwelcome comments of a sexual
     nature; and

b.   Ricardo Campbell and Richard Lee Campbell subjecting female
     employees to nonconsensual physical touching included, but not
     limited to, groping, grabbing and trying to kiss female workers.

c.   Female workers subjected to sexual harassment include Gladis Galvez
     (a/k/a Blanca Rueda) who was subjected to verbal harassment and
     nonconsensual physical touching based on her sex including, but not
     limited to, groping, grabbing, vulgar sexual comments, and attempts to
     forcibly kiss her.

## STATEMENT OF CLAIMS

30.   On a continuing basis throughout the September 2008 through June 2009
tomato seasons, Defendant DiMare engaged in unlawful employment practices at its
DiMare Immokalee facility, in violation of 42 U.S.C. § 2000e-2(a) and 42 U.S.C. §
2000e-3(a) by:

a.   subjecting Reyes and Ramirez and a class of similarly situated female
     employees who worked at DiMare Immokalee between September
     2008 and June 2009 to sexual harassment by Defendant DiMare's
     supervisory employees; and

    b.  retaliating against Reyes and Ramirez because they complained about and opposed the sexual harassment.  The retaliation included assigning Ramirez to more physically demanding assignments and terminating Ramirez and Reyes because they complained about the sexual harassment and rejected Ricardo Campbell's and Richard Lee Campbell's sexual advances.

31.    The effect of the practices complained of in paragraphs 14 through 29 above has been to deprive Reyes, Ramirez, and a class of similarly situated female employees who worked at DiMare Immokalee during the 2008-2009 tomato seasons of equal employment opportunities and otherwise adversely impact their status as employees because of their sex.

32.    The unlawful employment practices complained of in paragraphs 14 through 29 above were intentionally done with malice and/or reckless indifference to the federally protected rights of Reyes, Ramirez, and a class of similarly situated female employees who worked at DiMare Immokalee during the September 2008 through June 2009 tomato seasons.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant DiMare, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation

with it, from engaging in sexual harassment against employees, retaliating against employees who object to sexual harassment, and engaging in any other employment practice that discriminates on the basis of sex.

B.      Order Defendant DiMare to institute and carry out policies, practices, and programs that provide equal employment opportunities for women and that eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant DiMare to make whole Lucia Reyes, Catalina Ramirez and a class of similarly situated female employees who worked at the DiMare Immokalee facility between September 2008 and June 2009, by providing all affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.      Order Defendant DiMare to make whole Lucia Reyes, Catalina Ramirez and a class of similarly situated female employees who worked at the DiMare Immokalee facility between September 2008 and June 2009, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 14 through 29, including any mental health expenses, and other out-of-pocket expenses, in amounts to be determined at trial.

E.      Order Defendant DiMare to make whole Lucia Reyes, Catalina Ramirez and a class of similarly situated female employees who worked at the DiMare Immokalee facility between September 2008 and June 2009, by providing compensation for past and future non-pecuniary losses resulting form the unlawful employment practices

complained of in paragraphs 14 through 29 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

      F.      Order Defendant DiMare to pay to Lucia Reyes, Catalina Ramirez, and a class of similarly situated female employees who worked at the DiMare Immokalee facility between September 2008 and June 2009, punitive damages for its malicious and reckless conduct described in paragraphs 14 through 29 above, in amounts to be determined at trial.

      G.      Grant such further relief as the Court deems necessary and proper in the public interest.

      H.      Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated:  March 21, 2011

                    Respectfully submitted,

                    P. DAVID LOPEZ
                    General Counsel

                    JAMES L. LEE
                    Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
U.S. Equal Employment
Opportunity Commission
131 M Street, N.E.
Washington, D.C. 20507


ROBERT WEISBERG
Regional Attorney
Florida Bar # 285676


KIMBERLY McCOY-CRUZ
Supervisory Trial Attorney
Florida Bar # 153729


MUSLIMA LEWIS
TRIAL COUNSEL
Senior Trial Attorney
Florida Bar No: 158305
Equal Employment Opportunity
Commission
Miami District Office
Two South Biscayne Blvd., Su. 2700
Miami, Florida 33131
Tel: 305-808-1784
Fax: 305-808-1835
muslima.lewis@eeoc.gov