## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

              Plaintiff,

-vs-                                       Case No.  2:11-cv-158-FtM-36SPC

DIMARE RUSKIN, INC.,

              Defendant.

_____

## REPORT AND RECOMMENDATION

This matter comes before the Court on Amended Motion for Leave to Intervene and Memorandum of Law in Support Thereof (Doc. # 12) filed on May 5, 2011. In response, Defendant filed its Memorandum in Partial Opposition to Motion to Leave to Intervene (Doc. # 15) on May 16, 2011. In further support of their opposition, Defendant filed an Affidavit of Sandra Vargas (Doc. #16). Prospective Intervenors, Calalina Ramirez, Lucia Reyes, and Francisco Javier Martinez Chavez have filed their motion to intervene pursuant to Federal Rules of Civil Procedure 24(a), 24(b), and 42 U.S.C. § 2000e-5(f). Each Prospective Intervenor seeks to intervene in the United States Equal Employment Opportunity Commission's ("EEOC") claim under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 against Defendant, Dimare Ruskin, Inc. Specifically, Ramirez and Reyes are identified in Plaintiff's Complaint as victims of sexual harassment and retaliation, as persons for whom the EEOC is seeking relief. Chavez also claims to be aggrieved by the conduct alleged in Plaintiff's

Complaint, as he was discharged from employment by Defendant in retaliation for his opposition to Defendant's discrimination and retaliation against Ramirez and Reyes.

In compliance with Local Rule 3.01(g), Intervenor's Counsel certifies it has conferred with Plaintiff EEOC, which has no objection to granting this motion in toto, and to Defendant's Counsel, which has no objection to the granting of this motion as to Prospective Intervenors Ramirez and Reyes. Therefore, the Court will consider the intervention of Chavez, who argues he should be allowed to intervene as of right and based on permissive intervention. The Court will consider each ground separately.

<u>Fed. R. Civ. P. 24(a) – Intervention as of Right</u>

Under Fed. R. Civ. P 24(a) a party has a right to intervene if the applicant has a claim or interest in the case.  Rule 24 reads in pertinent part:

> [u]pon timely application anyone shall be permitted to intervene in and action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a).  Intervention as of right under Rule 24(a)(2) must be granted when four requirements are met: (1) the application to intervene is timely; (2) the applicant has an interest relating to the property or transaction which is the subject of the action; (3) the applicant is so situated that the disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) the applicant's interest will not be represented adequately by the existing parties to the suit. <u>Fox v. Tyson Foods, Inc.</u>, 519 F.3d 1298, 1302-03 (11th Cir. 2008); <u>Sierra Club, Inc. v. Leavitt</u>, 488 F.3d 904, 910 (11th Cir. 2007); <u>TIG Specialty Ins. Co. v. Financial Web.com, Inc.</u>, 208 F.R.D. 336, 337 (M.D. Fla. 2002).

Rule 24(a) imposes a timeliness requirement on motions to intervene, however, unlike timing elements in some other Federal Rules, the actual time limits are not set out in Rule 24(a). *See* Heaton v Monogram Credit Card Bank of Georgia, 297 F.3d 416 (5th Cir. 2002) (holding that timeliness is determined from all the circumstances). Generally, courts consider four factors in making a determination of timeliness: (1) length of delay in seeking intervention; (2) prejudicial impact of such delay on the existing parties; (3) prejudice to the intervenor if intervention is denied; and (4) other factors affecting fairness in an individual case. *See* Steven Baicker-Mckee, William M. Janssen, and John B. Corr, Federal Civil Rules Handbook 2005, Pt. III 551 (West 2005) (a brief but through discussion with relevant citations of law regarding timing issues under Rule 24).

Defendant, Dimare Ruskin, Inc., states in its Opposition to Motion for Leave to Intervene, that "Timeliness is not an issue, since the potential intervenors' Amended Motion has been filed shortly after Defendant's initial appearance and the filing of its Answers and Affirmative Defenses to the EEOC's Complaint." (Doc. # 15, p. 5). Therefore, the Court finds this Amended Motion to Intervene timely.

The Supreme Court of the United States has defined "interest" under Rule 24 as a "significantly protectable interest." Danner Construction Co. v. Hillsborough County, 2009 WL 2525486 * 3 (M.D. Fla. Aug. 17, 2009) (citing Donaldson v. U.S., 400 U.S. 517, 531, 91 S. Ct. 534, 27 L. Ed. 2d 580 (1971)); TIG Specialty Ins. Co., 208 F.R.D. 336, 337-38 (M.D. Fla. 2002). In determining the sufficiency of the interest, this Circuit requires the intervenor "must be at least a real party in interest in the transaction which is the subject of the proceeding" and "must have a direct, substantial, legally protectable interest in the proceeding." TIG Specialty Ins. Co., 208 F.R.D. at 337-38 (citing Worlds v. Dept. of Health & Rehab. Servs., 929 F.2d 591, 594 (11th

Cir.1991) (quoting <u>Athens Lumber Co. v. Fed. Election Comm'n</u>, 690 F.2d 1364, 1366 (11th Cir.1982)); <u>In re CP Ships Ltd., Securities Litigation</u>, 2008 WL 2473684 at * 2 (citing <u>Georgia v. U.S. Army Corps of Eng'rs.</u>, 302 F.3d 1242, 1249 (11th Cir. 2002)). Thus, a legally protectable interest is something more than an economic interest; rather the law requires "the interest be one which substantive law recognizes as belonging to or being owned by the applicant." <u>Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc.</u>, 425 F.3d 1308, 1311 (11th Cir. 2005).

The Court finds that Chavez does not have a valid interest in the subject area of this action that would allow him to intervene as a matter of right. He is not named in the EEOC's Complaint, nor is he identified as an aggrieved party to the litigation. By statute 42 U.S.C. § 2000e-5(f), "the person or persons aggrieved shall have the right to intervene in a civil action brought by the Commission." Chavez alleges that he was discharged from employment by Defendant in retaliation for his opposition to Defendant's discrimination and retaliation against Ramirez and Reyes. Ramirez and Reyes seek intervention as victims of sexual harassment and retaliation performed by Immokalee Farm management, and the EEOC Complaint in this case seeks relief on behalf of these women.  According to the Defendant and the Affidavit of Sandra Vargas (Doc. #16), Chavez's termination is based on alleged fraud performed during the scope of his employment, where Chavez alleged the death of his son in Mexico in order to gain financial assistance from his co-workers at Immokalee farms (Doc. # 16). As a result of Defendant's internal investigations, Chavez was terminated on May 15, 2009 as a consequence of uncovering Chavez's fraud (Doc. #15, p. 4).  Thus, Chavez does not qualify under this statute as he is not similarly situated to those on whose behalf the suit has been brought.  There are substantial matters of fact and law which are distinguishable from Plaintiff's claim for relief based on sexual harassment.   Thus, Chavez's claim of unlawful retaliation and untimely

termination is not substantially identical to the claims of Ramirez and Reyes, and does not share common questions of law and fact under Plaintiff's claims of gender-based sexual discrimination. Accordingly, the EEOC does not seek remedial relief on Chavez's behalf and has sent him a "Notice of Right to Sue" letter that Chavez may bring his own separate cause of action (Doc. #18-1).

Therefore, the Court finds Chavez is not similarly situated to Ramirez and Reyes, as they are part of a gender-specific class of female employees for unlawful sexual harassment, on whose behalf the EEOC's Complaint has been brought. The Court also finds that denying intervention under Fed. R. Civ. P. 24(a) will not impede Chavez's ability to protect his interests, as he may seek an individual civil action outside this litigation. Thus, the Court finds that Chavez does not have the right to intervene under Fed. R. Civ. P. 24(a).

Fed. R. Civ. P. 24(b)(2) – Permissive Intervention

As an alternative to intervention under Fed. R. Civ. P. 24(a), Chavez seeks to intervene under Fed. R. Civ. P. 24(b). Under this Rule, a court may grant a nonparty permission to intervene when the nonparty files a timely motion and "is given a conditional right to intervene by federal statute" or "has a claim or defense that shares with the main action a common question of law or fact." Florida Wildlife Fed'n., Inc. v. Johnson, 2009 WL 248078 *2 (N.D. Fla. Feb. 2, 2009) (citing  Fed. R. Civ. P. 24(b)). A nonparty seeking to intervene with the court's permission must state an interest that is related to the action pending before the court. Mt. Hawley, 425 F.3d at 1312 (affirming the denial of a nonparty's motion for permissive intervention where the nonparty's purpose was not directly related to the underlying action). A district court has broad discretion in deciding whether to let a nonparty intervene under Rule 24(b), and may refuse to allow intervention even when there are common questions of law or

fact, and the nonparty has met the requirements of the rule. <u>Worlds</u>, 929 F.2d 591, 595 (11th Cir.1991).

As discussed above, the record indicates that Chavez's claim arises from an alleged retaliation and involuntary termination from employment involving other facts and issues of law which are not substantially related to this litigation.  Chavez's termination allegedly resulted from fraud performed during the scope of his employment at Dimare Ruskin, Inc., which was uncovered due to Defendant's internal investigations.  There is no evidence that his termination was the result of Defendant's involvement with the sexual harassment claims made by Ramirez and Reyes, showing that Chavez's claims are wholly different from Plaintiff's claim for relief asserting sexual harassment on behalf of a class of female employees. Because Chavez's underlying claim is not directly related to the underlying action, the Court finds that allowing Chavez's claim into this litigation would cause undue delay and/or prejudice the adjudication of the rights of the original parties. For these reasons, the Court respectfully recommends that Chavez may not intervene in this litigation under Fed. R. Civ. P. 24(b).

Accordingly, it is now

**RESPECTFULLY RECOMMENDED**:

Amended Motion for Leave to Intervene and Memorandum of Law in Support Thereof (Doc. #12) be **GRANTED** in part and **DENIED** in part.

(1)    Prospective Intervenors CATALINA RAMIREZ and LUCIA REYES Amended Motion for Leave to Intervene should be **GRANTED**.

(2)    Prospective Intervenor FRANCISCO JAVIER MARTINEZ CHAVEZ Amended Motion for Leave to Intervene should be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**DONE AND ORDERED** at Fort Myers, Florida, this ___31st___ day of May, 2011.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record