UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                Plaintiff,

-vs-                                        Case No. 2:11-cv-158-FtM-36SPC

DIMARE RUSKIN, INC.,

                Defendant.
_____

## ORDER

This matter comes before the Court on Plaintiff Equal Employment Opportunity Commission's Motion to Compel Financial Worth Discovery (Doc. #26) filed on August 5, 2011. Defendant filed its Memorandum in Opposition to Plaintiff's Motion to Compel Financial Worth Discovery (Doc. #27) on August 19, 2011. Thus, the Motion is now ripe for review.

This is a claim brought by the Equal Employment Opportunity Commission ("EEOC") against Defendant DiMare Ruskin, Inc. under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e et seq., and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, alleging that DiMare subjected proposed intervenors Catalina Ramirez and Lucia Reyes and a class of similarly-situated female employees to sexual harassment during their employment at Defendant's Immokalee facility during the 2008-2009 tomato seasons. DiMare owns and operates tomato growing and packing operations in Florida and California. DiMare's Immokalee division operates a seasonal tomato farming operation. The alleged sexual harassment includes, but is not limited to, lewd and vulgar sexual comments, as well as nonconsensual physical touching, which includes groping, grabbing, and forcible attempts to kiss female workers. (Pl. Compl. ¶¶ 10, 11, 16-18, 21).

EEOC further alleges that the unlawful employment practices were intentional. In addition to seeking compensatory damages and injunctive relief, the EEOC seeks punitive damages for Defendant's malicious and/or reckless disregard for the federally protected rights of Ramirez, Reyes, and similarly-situated women.

EEOC served its First Request for Production of Documents and its First Set of Interrogatories on DiMare on May 26, 2011. EEOC now moves the Court for an order directing Defendant to produce documents responsive to Request No. 1-25 of the EEOC First Request for Production of Documents and information responsive to Interrogatory No. 1-3 of its First Set of Interrogatories. Both requests seek discovery regarding the financial net worth of Defendant from 2008 through the present. Specifically, the requests and responses state as follows:

> **Document Request No. 1-25.** For each fiscal year or calendar year from 2008 through the present, provide the following documents prepared by or on behalf of Defendant:
>
> a. All audited financial statements (or unaudited if audited not available);
>
> b. All documents reflecting the gross income, net income and expenditures;
>
> c. All profit and loss statements;
>
> d. All balance sheets;
>
> e. All statements of retained earnings;
>
> f. All cash flow statements;
>
> g. All statements of general and administrative expenses;
>
> h. Complete state and federal corporate tax returns, including all documents used, relied upon, or referred to in the preparation of said tax returns;
>
> i. Annual reports for Defendant (that reflects its income) filed with the Office of the Secretary of State for the state of Defendant's incorporation.

**RESPONSE:** Objection is made to this paragraph of Plaintiff's Request on the grounds that the requested information is confidential and proprietary, and does not seek discoverable information that has any relevance to the factual issues raised by Plaintiff's Complaint in this litigation.

To the extent that such information described in this paragraph of Plaintiff's request goes to the issue of Plaintiff's claim for punitive damages for alleged malicious and reckless conduct as described in Paragraphs 14 through 29 of Plaintiff's Complaint, no evidentiary showing has been made to support such a request for financial data or the propriety of possible punitive damages, and thus Plaintiff's request for financial data as stated in this paragraphs is premature.

**Interrogatory No. 1-3.**  For each calendar or fiscal year from 2008 to the present, state the net worth of Defendant and provide the date of Defendant's fiscal year end.

**ANSWER:** Objection on the grounds that the interrogatory seeks the disclosure of confidential corporate data.  Further, the net worth of DiMare Ruskin from 2008 to the present has no relevance to the issues in this legal proceeding.

Defendant argues that the requested documents and information are relevant to the EEOC's punitive damages claim, but it objects to producing the documents and information at this stage of the litigation and states that the motion should be denied as premature.  It contends that the responses to the EEOC's financial worth discovery should not be required until the record evidence in this case is developed to the point where an assessment - and, if necessary, an adjudication can be made - as to whether the EEOC's request for punitive damages is supported by substantial evidence that Defendant acted with actual malice or reckless indifference to the federally-protected rights of one or more of its female employees during the 2008-2009 tomato seasons at the DiMare Immokalee farms.  Defendant is not contending that financial worth data is never discoverable in a Title VII case.  Rather, Defendant asserts that since it is a privately-held corporation that keeps its financial information confidential, its financial worth information should remain confidential until the evidence is produced through discovery that presents a factual predicate sufficient to create a triable

issue of whether punitive damages is available in this litigation.  Defendant also points out that the potentially harmful consequences to DiMare Ruskin of producing financial worth information is particularly acute because here, the EEOC is subject to  Freedom of Information Act ("FOIA") requests, 5 U.S.C. § 552.

Plaintiff argues that this information is relevant and discoverable at this point in the litigation as the documents and information are necessary for the EEOC's development of its punitive damages calculations, to determine the nature and extent of additional discovery on these issues that may be required, and to decide whether expert testimony will be necessary.  And that timely production of the documents and information is required to avoid unnecessary confusion or delay at trial.

The term "relevancy" under Federal Rule 26 has been construed broadly to "encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).  In this case, the Complaint presents a federal question under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e et seq., and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. Plaintiff seeks punitive damages for Defendant's malicious and reckless conduct described in paragraphs 14 through 29.  (Doc. #1, ¶ F).

This Court has previously held in the context of a claim under the ADA, that if plaintiff has pled punitive damages in the complaint, defendant's financial worth may be reasonably calculated to support plaintiff's claim for punitive damages and may be obtained during the course of discovery. Soliday v. 7-Eleven, 2:09-cv-807-FtM-29SPC, 2010 WL 3928586, *1 (M.D. Fla. Oct. 4, 2010) (*citing* Lane v. Capital Acquisitions, 242 F.R.D. 667, 669 (S.D. Fla. 2005) (discovery of net worth permitted when punitive damages sought in employment discrimination suit); Gutescu v. Carey Int'l,

Case 2:11-cv-00158-UA-SPC   Document 28   Filed 08/24/11   Page 5 of 7 PageID 255

Inc., No. 01-4026-CIV, 2003 WL 25589030 (S.D. Fla. June 19, 2003) (same); Preferred Care Partners Holding Corp. v. Humana, Inc., No. 08-20424-CIV, 2008 WL 45500258, *4 (S.D. Fla. Oct. 3, 2009) (finding production of net worth appropriate under Fed. R. Civ. P. 26); LeBlanc v. Bryan Imports, Inc., No. CIV.A.99-3769, 2000 WL 628740, *4 (E.D. La. May 15, 2000) (under federal law, evidence of financial worth and ability to pay is admissible to evaluate the amount of punitive damages)). With regard to tax returns, it has been recognized that "several courts within the Eleventh Circuit have held that a moving party does not have to demonstrate a 'compelling need' to compel the production of tax returns; rather, only a showing of relevancy is required." Preferred Care, 2008 WL 4500258, at *4 (citations omitted).

Punitive damages are available in Title VII cases for egregious conduct. Dudley v. Wal-Mart Stores, Inc., 166 F.3d 1317, 1322-23 (11th Cir. 1999). In this case, the Court finds that Plaintiff has properly pled a request for punitive damages in its Complaint as required by Federal Rule of Civil Procedure 8(a)(3) and that Plaintiff is entitled to discovery of Defendant's financial worth at this time as has been previously recognized by this Court.

Even if financial worth discovery is allowed, the Court must examine whether the requests are overbroad, burdensome, and overly intrusive. The objecting party has the burden to show that the requests are unduly burdensome. "The mere fact that compliance . . . will cause great labor and expense or even considerable hardship and possibility of injury to the business of the party from whom discovery is sought does not of itself require denial of the motion." Lane, 242 F.R.D. at 670. In Lane, the court found that the objecting party had not met its burden of showing the requests were unduly burdensome even though the objecting party would have to search, locate, and produce financial records. Id.

-5-

In this case, Plaintiff is seeking documents and information regarding Defendant's financial worth from 2008 through the present. "Only current financial documents are relevant to a claim for punitive damages." Id. (holding that some of Plaintiff's discovery requests were overbroad on their face because they sought financial records for a five-year period). See also Indus. Elec. Eng'g & Testing Co. v. Dynalectric Co., 1990 WL 80411, *1 (D. Kan. 1990) (holding that a request for financial data spanning a five-year period is excessively broad and irrelevant to a claim for punitive damages). In Lane, the court required defendant to produce two years of financial records, instead of five. Id.

In this case, the Court finds that the request for three years of financial information (2008 through the present) is not overbroad in time and scope nor unduly burdensome and therefore Plaintiff's Motion is due to be granted and the Court will direct that Defendant produce documents responsive to Request No. 1-25 of the EEOC First Request for Production of Documents and information responsive to Interrogatory No. 1-3 of its First Set of Interrogatories. The Court does agree with Defendant though that its financial worth data is particularly sensitive as the requesting party is a governmental agency subject to FOIA requests. Courts have broad discretion at the discovery stage to determine whether or not a protective order is appropriate and what degree of protection is required. Seattle Times v. Rhinehart, 467 U.S. 20, 36-37, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984). Therefore, the Court will direct the parties to meet and confer to come to an agreement on a proposed protective order of confidentiality that will apply to any documents, responses to interrogatories, and deposition testimony regarding financial worth data in this case. The Parties are then directed to submit a proposed protective order of confidentiality to the Court in the CM/ECF system for consideration and entry. Until the Court enters a protective order any

obligation of Defendant to produce documents and information in response to Request No. 1-25 of the EEOC First Request for Production of Documents and information responsive to Interrogatory No. 1-3 of its First Set of Interrogatories is stayed for a period of time.  The Court is aware from the pleadings that the EEOC 30(b)(6) deposition is scheduled for September 12, 2011, and will include Defendant's net worth as one of the topics of inquiry.  Even though Defendant's obligation to produce documents and information regarding financial worth is stayed until a protective order is entered, this Order puts Defendant on notice that the documents and information will soon need to be provided and therefore Defendant would be expected to gather such information for production forthwith.

Accordingly, it is now **ORDERED:**

(1)	Plaintiff Equal Employment Opportunity Commission's Motion to Compel Financial Worth Discovery (Doc. #26) is **GRANTED**.

(2)	The Parties shall have up to and including **August 30, 2011** to submit a proposed protective order of confidentiality for the Court's consideration.  If the Parties fail to do so, the Court will enter its own protective order.

(3)	Defendant shall have up to and including **September 7, 2011** to provide complete responses to Request No. 1-25 of the EEOC First Request for Production of Documents and information responsive to Interrogatory No. 1-3 of its First Set of Interrogatories.

**DONE AND ORDERED** at Fort Myers, Florida, this   23rd   day of August, 2011.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record