UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                Plaintiff,

-vs-                                            Case No.  2:11-cv-158-FtM-36SPC

DIMARE RUSKIN, INC.,

                Defendant.
_____

**PROTECTIVE ORDER OF CONFIDENTIALITY**

        This matter comes before the Court on Plaintiff EEOC's Notice of Filing Proposed Protective Order of Confidentiality (Doc. #29) filed on August 30, 2011, filed pursuant to this Court's Order dated August 24, 2011, granting the Commission's Motion to Compel Financial Worth Discovery (Doc. #28).  Accordingly, the Court having reviewed the Proposed Agreed Protective Order and being advised that the parties have agreed to its contents and consented to its entry, it is now

        **ORDERED AND ADJUDGED:**

        1.        As used in this Order, "Confidential Financial Information" shall mean all non-public documents, responses to interrogatories and deposition testimony relating to Defendant DiMare Ruskin, Inc.'s ("Defendant") net worth that is disclosed by Defendant pursuant to the disclosure or discovery obligations under the Court's August 24, 2011, Order, the Federal Rules of Civil Procedure and/or the Local Rules of this Court.  Confidential Financial Information includes, but is not limited to, documents, materials and information disclosed by Defendant in response to Request

No. 1-25 of the EEOC's First Request for Production of Documents, Interrogatory No. 1-3 of the EEOC's First Set of Interrogatories, or as part of the deposition of Defendant's designated corporate representative(s) for matters pertaining to Defendant's financial worth, as identified in response to the EEOC's Notice of Deposition dated July 29, 2011, pursuant to Fed.R.Civ.P. 30(b)(6).

2. Use of Confidential Financial Information during pre-trial judicial proceedings in this action shall be governed by this Order.

3. The EEOC shall not disclose Confidential Financial Information during pre-trial judicial proceedings in this action without Defendant's prior written consent or further order of the Court, *except that* the EEOC may disclose such information to:

(a) EEOC attorneys working on this case;

(b) persons regularly employed by the EEOC whose assistance is required by EEOC attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) expert witnesses and consultants retained by the EEOC in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(d) the Court and its employees ("Court Personnel");

(e) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(f) deponents, witnesses, or potential witnesses, to the extent such disclosure is necessary to the witness' deposition or trial testimony and preparation therefore; and

(g) other persons by written agreement of the parties.

As part of disclosing Confidential Financial Information to any one or more of the limited number of individuals listed above, the EEOC shall disclose to any such person the terms of this Order with appropriate instructions that as a recipient of such Confidential Financial Information, he/she is equally bound by its confidentiality provisions.

4. The designation of information and/or documents as "Confidential Financial Information" shall be made by placing or affixing the word "CONFIDENTIAL" on the designated information, in a manner that will not interfere with its legibility. The word "CONFIDENTIAL" shall be placed upon each page of any series of documents that are produced pursuant to this Order. The designation of information as "CONFIDENTIAL" shall be made prior to, or contemporaneously with, the production or disclosure of said information. However, should Defendant discover after disclosure that the word "CONFIDENTIAL" was inadvertently omitted from a document or documents, then upon written notice of same, the EEOC shall return all such documents to Defendant. The Defendant shall then mark the returned documents as "CONFIDENTIAL" and shall produce them to the EEOC within five (5) business days of the Defendant's receipt thereof. Unless the designation of "Confidential Financial Information" is challenged by the EEOC and Defendant elects to not timely file a motion for protective order as set forth in Paragraph 5 below, once designated as "Confidential Financial Information," such information shall remain subject to the confidentiality protections of this Order before trial of this matter, or until a voluntary resolution of this matter before trial. If Defendant moves the Court for an order governing disclosure of such information during trial or after any such voluntary resolution of this matter before trial, the EEOC agrees to be governed by the terms of this Order until the Court rules on such motion.

5. Defendant shall designate "Confidential Financial Information" in good faith and in accordance with this Court's August 24, 2011, Order, and Fed.R.Civ.P 26(c) and 37(a)(4). If EEOC disagrees that a document, information or testimony (or category of documents, information or testimony), designated by Defendant as "Confidential Financial Information" is entitled to such status and protection, it shall give written notice of the objection(s) to the Defendant within ten (10) business days of initial disclosure and Defendant shall have ten (10) business days to respond. If counsel for the parties are unable to resolve the dispute, Defendant must file an appropriate Motion for Protective Order within ten (10) business days following the exchange of notices described in order to maintain the confidential status of the disputed information. The above-described exchange of written notices shall suffice for purposes of Rule 3.01(g), Local Rules for the Middle District of Florida. If such motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Order until the Court rules on the motion. If such motion is not timely filed, and only after the ten days allotted for the filing of the motion for protective order has lapsed, the disputed information shall no longer be deemed CONFIDENTIAL under the confidentiality provisions of this Order.

6. Whenever an exhibit to a deposition or testimony in a deposition involves the disclosure of Confidential Financial Information, the deposition exhibit or portions thereof shall be designated as "CONFIDENTIAL" and shall be subject to the provisions of this Order. Such designation shall be made on the record during the deposition or within 30 days of the receipt of the deposition transcript (or a copy thereof) by Defendant's counsel.

7. This Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

**DONE AND ORDERED** at Fort Myers, Florida, this   31st   day of August, 2011.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record