IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

        Plaintiff,

               v.

DIMARE RUSKIN, INC.,

        Defendant.

        :
        :
        :
        :
        :
        :
        :
        :
        :
        :

CIVIL ACTION NO.:
2:11-cv-00158-UA-SPC

**CONSENT DECREE**

1.     This Consent Decree ("Decree") is made and entered into by and between Plaintiff Equal Employment Opportunity Commission (the "Commission" or "EEOC") and Defendant DiMare Ruskin, Inc. ("Defendant"). The Commission and Defendant are collectively referred to as the "Parties" throughout this Decree.

**INTRODUCTION**

2.     The Commission filed this action on March 22, 2011, alleging that Defendant subjected Catalina Ramirez (Jaimes) and Lucia Reyes Cruz to a sexually hostile work environment, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), and Section 102 of the Civil Rights Act of 1991. EEOC also alleged that Defendant retaliated against Catalina Ramirez (Jaimes) when it assigned her more physically demanding tasks, and further retaliated against Ramirez and Lucia Reyes Cruz when it terminated their employment because they opposed Defendant's harassing conduct.

3.      In the interest of resolving this matter, to avoid further costs of litigation, and as a result of having engaged in comprehensive settlement negotiations, the Parties have agreed that this action should be finally resolved by the entry of this Decree.  This Decree is final and binding on the Parties, and their successors and assigns.

4.      This Decree fully and finally resolves claims filed by the Commission in this action against Defendant arising from EEOC Charges of Discrimination Nos. 511-2009-01808 and 511-2009-01853.  The Parties further agree that this Decree does not resolve any Charges of Discrimination that may be pending with the Commission against Defendant other than the Charges referred to in this paragraph.

## I.      FINDINGS

5.      Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

a.      This Court has jurisdiction over the subject matter of this action and the Parties.

b.      No party will contest the jurisdiction of this Federal Court to enforce this Decree and its terms or the right of EEOC to bring an enforcement suit upon alleged breach of any term(s) of this Decree.

c.      The terms of this Decree are adequate, fair, reasonable, equitable, and just.  The rights of Catalina Ramirez (Jaimes) and Lucia Reyes Cruz, the Defendant, and the public's interests are adequately protected by this Decree.

d.      The terms of this Decree are and will be binding upon the present and future representatives, agents, directors, and officers, successors and assigns of Defendant.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

2

## II. INJUNCTIVE PROVISIONS

6. Defendant, and all of Defendant's officers, managers, employees, agents, partners, successors and assigns, are enjoined from engaging in unlawful conduct that discriminates on the basis of sex, or that subjects employees to a sexually hostile work environment, in violation of Title VII.

7. Defendant, and all of Defendant's officers, managers, employees, agents, partners, successors, assigns and all persons acting in concert with Defendant, are enjoined from engaging in any form of retaliation against any person because such person has opposed any practice made unlawful under Title VII, filed a Charge of Discrimination under the Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, or asserted any rights under this Decree, including but not limited to Catalina Ramirez (Jaimes) and Lucia Reyes Cruz.

## III. MONETARY CONSIDERATION

8. To avoid further litigation expenses and without admitting to any wrongdoing or violation of law, Defendant agrees to pay an aggregate of the gross amount of $150,000.00 to Charging Party Catalina Ramirez and Charging Party Lucia Reyes Cruz ($57,500.00 to each party, $35,000.00 to their private counsel). This $150,000.00 shall be the full and final amount Defendant shall pay to settle claims brought by the Commission, Catalina Ramirez, and Lucia Reyes Cruz in this lawsuit under EEOC Charges of Discrimination Nos. 511-2009-01808 and 511-2009-01853.

9. Copies of all checks will be forwarded to the attention of Robert E. Weisberg, Regional Attorney, U.S. Equal Employment Opportunity Commission, 2 South Biscayne Boulevard, Suite 2700, Miami, Florida 33131 within five (5) calendar days of issuance.

3

10.     If Defendant fails to tender the payments described in paragraph eight (8) above, then Defendant will pay interest on the defaulted payment at the rate calculated pursuant to 26 U.S.C. Section 6621(b) until the same is paid, and bear any additional costs incurred by the non-compliance or delay of the Defendant.

## IV.     REVISION AND DISTRIBUTION OF POLICY

11.     Within 30 days of submission of this Decree to the Court, Defendant will revise its written discrimination policy.  The revised discrimination policy ("Anti-Discrimination Policy") will prohibit all forms of discrimination under Title VII, including, but not limited to discrimination based on sex and sexual harassment.  The Anti-Discrimination Policy will state that employees who complain about discrimination, oppose discrimination, and/or engage in any other protected activity will be protected against retaliation.  The Anti-Discrimination Policy will also contain a procedure by which employees who feel they have been subjected to discrimination can report the discrimination.  This reporting procedure will clearly define the chain of command which identifies the appropriate supervisor(s) and/or other managers or supervisors to whom the employee should report discriminatory conduct.    The Anti-Discrimination Policy will also identify the person to whom an employee should report discriminatory conduct in the event that the employee is alleging that the discriminatory conduct is being perpetrated by the manager or supervisor who would otherwise be identified as the person responsible for receiving complaints of discrimination.  The Anti-Discrimination Policy will state that Defendant will take immediate and appropriate corrective action if and when it determines that discrimination has occurred and that employees who violate the policy are subject to discipline up to and including discharge.  The policy will also specify that such conduct will not be tolerated from third parties (which shall include DiMare Ruskin, Inc.

4

employees, customers, agents, contractors, sub-contractors, clients and any other persons present at any of Defendant's facilities and locations).

12.     A copy of the Anti-Discrimination Policy referenced in paragraph 11 shall be forwarded to the Commission for review within 60 days of submission of this Decree to the Court.  This and any other submissions, reports, certifications, notices, or other materials that are required to be submitted to the Commission shall be mailed to: Robert E. Weisberg, Regional Attorney, U. S. Equal Employment Opportunity Commission, 2 South Biscayne Blvd., Suite 2700, Miami, Florida 33131.

13.     The revised Anti-Discrimination Policy will be disseminated to all employees of Defendant within fifteen (15) calendar days from the date the Court enters this Decree.

14.     The Anti-Discrimination Policy will also be kept and maintained in a conspicuous and accessible place for all employees at each of Defendant's facilities and printed in a font that is easily legible.

15.     A copy of the Anti-Discrimination Policy shall be distributed to each new full-time, part-time, seasonal or temporary employee or contractor within five (5) days of the individual's date of hire.  Defendant shall give a duplicate copy of the Anti-Discrimination Policy to any employee who requests it, and shall advise all of Defendant managers of Defendant's obligations to provide such copies.  The policy referenced in this section must be posted and disseminated in English, Spanish, and Haitian Creole.

## V.     TRAINING

16.     During each of the three (3) years covered by this Decree, Defendant will provide two (2) hours of live in-person training annually to all of its employees, including all management personnel, on all equal employment opportunity laws and the Defendant's Anti-

5

Discrimination Policy.  During each training conducted, an entire two (2) of those training hours will be devoted to educating all employees about their rights arising under Title VII and all applicable anti-discrimination laws, and, further, educating them about what conduct constitutes sexual harassment under Title VII.  The trainings will be conducted by an outside entity or vendor to be agreed upon by the Defendant and EEOC before the execution of this Decree.  The first in-person training session shall be video recorded and Defendant shall ensure that each employee hired after the training session has been conducted will view the video recording within five (5) business days of his or her date of hire. These trainings will be conducted in addition to other job-related training and/or business-wide meetings and the training session(s) will be dedicated solely to all equal employment opportunity laws and Defendant's Policy. Defendant agrees to provide an additional two (2) hours of live in-person training annually to its managerial employees, including Human Resources personnel, during each of the three (3) years covered by this Consent Decree.  Defendant agrees that at least one half (1/2) hour of each of these additional trainings will be devoted to training relating to sex discrimination and what conduct constitutes sexual harassment.  Defendant agrees that EEOC may, at EEOC's discretion, be in attendance at each training session.  The first training will take place within sixty (60) calendar days from the date that the 2012-2013 DiMare Immokalee growing season commences. Such training shall occur no later than November 15, 2012.

        17.    Defendant agrees to provide EEOC with written notice of each training session, including the location of the training, and provide copies of any and all pamphlets, brochures, outlines, or other written materials to be provided to the participants of the training sessions, no later than fifteen (15) days before each session.

6

18.     Within ten (10) calendar days of the completion of each training, Defendant will notify EEOC of the dates the training was conducted, the name and title of the person(s) who conducted the training(s), and provide an attendance sheet for the training session.

## VI.     MONITORING AND REPORTING

19.     Defendant will furnish to EEOC the following written reports twice annually for a period of three (3) years from the date the Court executes this Decree. The first report will be due four (4) months from the date the Court executes this Decree, and every six (6) months thereafter. Each such report will contain:

    a.      A description of each complaint of discrimination made under Title VII, ADA, or the ADEA made by any employee at any of Defendant's facilities, including the names, addresses and current telephone numbers of the complaining parties and any witnesses identified by the complaining party, and the resolution of such complaint.

    b.      A description of any and all action Defendant took in response to each complaint described in 19.a above, and any non-privileged written statements obtained or provided by the person bringing the complaint and any witnesses.

    c.      A certification by Defendant that the Notice required to be posted pursuant to Section VII of this Decree remained posted during the entire six (6) month period preceding the report, and newly hired employees were trained consistent with Section V above.

20.     Defendant agrees that they will make all employees available to EEOC for interviewing in connection with any EEOC investigation.

7

21.     The Commission may review compliance with this Decree.  As part of such review, the Commission may inspect Defendant's facilities, interview employees and examine and copy documents.   Defendant agrees that it will make all employees available to the Commission for interviewing in connection with this compliance review.

22.     Nothing contained in this Decree will be construed to limit any obligation Defendant may otherwise have to maintain records under Title VII or any other law or regulation.

## VII.  POSTING OF NOTICE

23.     Within ten (10) business days after the date the Court enters this Decree, Defendant will post laminated copies of the Notice attached as Exhibit A to this Decree at each of Defendant's facilities in a conspicuous location easily accessible to and commonly frequented by employees of Defendant.  For all farm facilities, the Notice shall be posted in the same area where all other employee postings are located.  The Notice shall be posted in English, Spanish, and Haitian Creole.  The Notice will be at least eleven (11) inches by fourteen (14) inches.  The Notices will remain posted for three (3) years from the date the Court enters this Decree. Defendant will take all reasonable steps to ensure that the posting is not altered, defaced or covered by any other material.

## VIII.  DISPUTE RESOLUTION

24.     No party will contest the jurisdiction of the federal court to enforce this Decree and its terms or the right of any party to bring an enforcement suit upon breach of any of the terms of this Decree by any other party.  Breach of any term of this Decree should be deemed to be a substantive breach of this Decree.  The Court will retain jurisdiction over any such enforcement proceedings during the duration of this Consent Decree.  Nothing in this Decree

8

will be construed to preclude EEOC from bringing proceedings to enforce this Decree in the event that Defendant fails to perform any of the promises and representations contained herein.

25.　In the event that EEOC believes that Defendant has failed to comply with any provision(s) of the Decree, EEOC will notify the Defendant of its belief that Defendant has breached the terms of this Decree and Defendant must make a good faith attempt to cure any breach of the Decree within fifteen (15) business days of notification. Following the fifteen (15) business day cure period, and consistent with Title VII, EEOC shall have the right to enforce the Decree and/or remedy any breach in this Court.

## IX.　DURATION OF THE DECREE AND RETENTION OF JURISDICTION

26.　All provisions of this Decree will be in effect for a period of three (3) years immediately following the date the Court enters this Decree. The Court shall retain jurisdiction throughout the entirety of the three (3) years immediately following the date the Court executes this Decree for the purpose of the enforcement of the terms of the Decree. Upon expiration of this three (3) year period, the Court shall retain jurisdiction only for the purpose of enforcing any violations of this Decree which are alleged to have occurred during the period of time covered by this Decree.

27.　Each party to this Decree will bear its own expenses, costs and attorneys' fees, if applicable.

28.　DiMare Ruskin, Inc. shall bear all costs incurred by the EEOC caused by Defendant's non-compliance with this Decree, including but not limited to any and all costs arising out of EEOC's efforts to enforce this Decree and/or remedy any breach in this Court.

9

## X.  **NOTIFICATION OF SUCCESSORS**

29.     During the term of this Decree, Defendant shall provide prior written notice to any potential purchaser of Defendant's business, a purchaser of all or a portion of Defendant's assets, or to any other potential successor of the Commission's lawsuit, of the allegations raised in the Commission's complaint, and the existence and contents of the Decree.

## XI.     **NO CONDITIONAL RECEIPT**

30.  Defendant   will   not   condition   the   receipt   of   individual   relief   on an individual's agreement to (a) maintain as confidential the terms of this Consent Decree, (b) waive her statutory right to file a charge with any federal or state anti-discrimination agency, or (c) waive her right to apply for a position with Defendant.

DATED:  ___7/16/12___

ENTERED:

_____

THE HONORABLE GREGORY A. PRESNELL
UNITED STATES DISTRICT COURT JUDGE

For U.S. Equal Employment Opportunity
Commission:

ROBERT E. WEISBERG
Regional Attorney
Florida Bar No. 285676
KALEB M. KASPERSON
Trial Attorney
Florida Bar No. 658766
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
One Biscayne Tower
2 S. Biscayne Blvd., Suite 2700
Miami, Florida 33131
Telephone:      (305) 808-1786
Facsimile:       (305) 808-1835

For Defendant:

DAVID J. STEFANY
Florida Bar No. 0438995
Counsel for Defendant
ALLEN, NORTON, & BLUE, P.A.
Hyde Park Plaza – Suite 225
324 South Hyde Park Avenue
Tampa, Florida 33606-4127
Telephone:      (813) 251-1210
Facsimile:       (813) 253-2006

Vice President, DiMare Ruskin, Inc.

11

## EXHIBIT A

### NOTICE POSTED PURSUANT TO CONSENT DECREE

This Notice is being posted pursuant to a Consent Decree entered by the United States District Court in EEOC v. DiMare Ruskin, Inc., 2:11-cv-00158-UA-SPC. The EEOC alleged that DiMare Ruskin, Inc. discriminated against two female employees by subjecting them to a sexually hostile work environment or sexual harassment. DiMare Ruskin, Inc. denied that such alleged discrimination ever occurred. EEOC also alleged that DiMare Ruskin, Inc. retaliated against both women when it terminated their employment after they opposed the sexually harassing conduct. DiMare Ruskin, Inc. denied that women were retaliated against or terminated from their employment. EEOC alleged that DiMare Ruskin, Inc.'s conduct violated Title VII of the Civil Rights Act of 1964. DiMare Ruskin, Inc. admits to no wrongdoing or violation of law as part of entering into this Consent Decree. Pursuant to the Consent Decree, DiMare Ruskin, Inc. agreed to take certain actions to prevent future sexual harassment at its facilities as set out in the Consent Decree resolving this matter.

Title VII protects individuals from employment discrimination because of race, religion, color, national origin, and/or sex. Title VII also protects individuals from retaliation for having complained of an unlawful employment practice. DiMare Ruskin, Inc. does not and will not condone unlawful employment discrimination of any kind as set forth in federal anti-discrimination laws, including, but not limited to discrimination prohibited by Title VII, pregnancy discrimination, age discrimination, or discrimination based on a person's disability. Appropriate corrective action, up to and including termination, based upon the circumstances involved, will be taken against any employee or manager found to have violated the company's policies prohibiting discrimination.

Furthermore, DiMare Ruskin, Inc. will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U.S. Equal Employment Opportunity Commission.

EEOC enforces the federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, pregnancy, age, or disability. If you believe you have been discriminated against, you may contact EEOC at (305) 808-1740. EEOC charges no fees and is responsible for investigating discrimination in the workplace.

This Notice must remain posted for three (3) years from the date below and must not be altered, defaced, or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: Robert E. Weisberg, Regional Attorney, U.S. Equal Employment Opportunity Commission, 2 South Biscayne Blvd., Suite 2700, Miami, Florida 33131.

Date:

VICE PRESIDENT
DiMare Ruskin, Inc.